## No. 9364.

### GUNTER ET AL. v. NEWELL.

PUBLIC OFFICE—*Appointment as Deputy, not Allowed by Law, to an Officer Never Appointed—Effect.* Defendant in error was, by the State Board of Immigration, appointed deputy commissioner of immigration, for the period of ninety days at a salary of $200.00 monthly, and a member of the board was appointed acting commissioner, and secretary. No statute authorized the appointment of a deputy commissioner, and defendant in error claiming that in legal effect he was appointed commissioner, applied for a mandamus to compel the state board to draw a voucher in his favor for a balance claimed as salary as commissioner, during the period of his service, as deputy commissioner.

The court rejected this claim, and examining the evidence held that the appointment was what it purported to be, that of a temporary employee, and that Newell was never recognized by

the board as commissioner, or as performing the duties of that office.

*Error to Denver District Court, Hon. John I. Mullins, Judge.*

Mr. LESLIE E. HUBBARD, Attorney General; Mr. RALPH E. C. KERWIN, Assistant Attorney General, for plaintiffs in error.

Mr. T. J. O'DONNELL, Mr. NORTON MONTGOMERY, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

DEFENDANT in error, Olney Newell, plaintiff below, brought action to compel by mandamus Gunter, Wallace, Sterns and Markham, constituting the State Board of Immigration, defendants below, plaintiffs in error here, to draw a voucher to him for the sum of $1,200.00, claimed as a balance due from the state for six months' alleged service as Commissioner of Immigration, less $600.00, already paid.

The defendants interposed a demurrer and answer to the alternative writ. The demurrer was upon the ground that the complaint stated no cause of action in that it did not show that there was any appropriation which could be drawn upon to satisfy the claim, and because in fact there was no such fund. The demurrer was overruled and a trial was had upon the issues tendered. The writ was made peremptory and defendants ordered to draw a voucher for the sum claimed, and they bring the case here to review that judgment.

From the evidence it appears that Newell had made both oral and written application to the board for appointment as Commissioner of Immigration. At one of its meetings, when the resignation of the then commissioner was accepted, and one of its own members was appointed acting commissioner and secretary, Newell, upon motion duly passed, was employed for a period of ninety days, or three months, at a salary of $200.00 per month, with title of deputy commissioner, to exercise such commissions and

perform such duties as the newly appointed acting commissioner should require of him. No steps were taken, either at this or at any subsequent meeting, to elect a permanent commissioner, and the application of Newell for the place was tabled indefinitely. .

It is claimed by Newell that his appointment to a position in the office of Immigration Commissioner, at a fixed salary for a definite period, was with the understanding that he later was to be made Commissioner of the Board and to be paid the difference between the agreed sum of $200.00 per month and the fixed salary of the Commissioner, $300.00 per month, for the time he was so employed; that the law provided for no such official as a deputy commissioner; that the board had no legal right to name one of their number as acting commissioner, and in substance that these acts were merely a subterfuge for the purpose of keeping a well understood agreement to make Newell Commissioner, with the further understanding that upon his appointment he should then be paid the salary attached to that office from the date of his original employment. It appears that Newell was never appointed commissioner, but was discharged when the period of ninety days fixed by the minutes of the board meeting had expired. It is further contended that the appointment of the acting or temporary commissioner was illegal because the appointee was a member of the board; that there being no commissioner, there could be no deputy commissioner, and for this reason the act of the board had the legal effect of appointing Newell commissioner, and having been so appointed, he is entitled to the salary of that office until a successor was legally chosen.

It conclusively appears from the testimony of Newell himself, regardless of whatever promises may have been made as to his future appointment, that he never was in fact so appointed. Nor is there any showing that he ever did the work assigned by law to the commissioner, or that the board ever recognized him as anything more than a

'temporary employee.  In fact, the only evidence of any contractural relation between the board and Newell is found in the minute book of the meeting at which he was hired for three months at a fixed salary, with the title of deputy commissioner.  This is the only contract of employment or appointment of Newell of which the law can take cognizance.  For this service, as the record shows, he has been fully paid according to the terms of his employment.

There is absolutely nothing shown upon which the defendant in error can base a claim to have been anything more than an employee of the board for a fixed time at a stated salary, and the rule relating to the payment of *de facto* officials has no application whatever to the facts of this case.  Newell never was either the *de jure* or *de facto* Commissioner of Immigration, and is not entitled to any compensation from the State which he has not already received.

The judgment of the trial court is reversed and the cause remanded, with instructions to dismiss the writ.

Judgment reversed and cause remanded, with instructions.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.